HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALONZO L. THOMAS

Plaintiff,

v.

WILMA BRYANT ASST. MANAGER CANYON PROPERTY MANAGEMENT; TERRY DECK ASST. MANAGER ERICA VILLAGE COMPLEX; ASST. MANAGER ERICA VILLAGE

Defendants.

Case No. C09-5189-RBL

ORDER TO SHOW CAUSE

## *I. INTRODUCTION*

Plaintiff and Defendants are ORDERED TO SHOW CAUSE by AUGUST 28, 2009 why the Court should not dismiss Plaintiff's Complaint with prejudice. Cause may be shown by evidence demonstrating federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332 . Defendants are also ORDERED TO SHOW CAUSE by AUGUST 28, 2009 why the Court does not have personal jurisdiction over some or all of the named Defendants**.**

## *II. DISCUSSION*

**A. Background**

As the Court understands it, Plaintiff's Complaint alleges that the three named Defendants, Wilma Bryant, Terry Deck, and Diane Ferguson violated Plaintiff's constitutional rights by attempting to obstruct an investigation into a break-in of Plaintiff's pickup truck. The alleged break-in occurred on

ORDER
Page - 1

February 19, 2009 at the Erica Village Apartment Complex (EVC) where Plaintiff resides. Defendants Terry Deck and Diane Ferguson are assistant managers for EVC and Defendant Wilma Bryant is an assistant manager for Canyon Property Management (CPM). [Dkt. #7 at 1].[1]

According to Plaintiff, there are two suspects in the alleged investigation. Suspect #1 apparently lives in the Erica Village Complex and Suspect #2 is "a visitor." Plaintiff made a complaint regarding the break-in with the EVC management office and requested the identity of Suspect #1 and #2. Assistant Manager Terry Deck refused to provide Plaintiff with this information.

Plaintiff alleges that Terry Deck and the other named Defendants obstructed the investigation of the car burglary in violation of several provisions of Title 18 of the United States Code and Plaintiff's due process rights under 42 U.S.C. 1983. The Defendants deny all Plaintiff's allegations but apparently concede that jurisdiction and venue are proper because Plaintiff's Complaint alleges a violation of federal law. [Dkt. #7 at 3]. Having reviewed Plaintiff's complaint and the Defendant's Answer, however, the Court is not convinced that such jurisdiction exists and orders the parties to show cause why this case is properly before the Court.

**B. Federal Question Jurisdiction**

*1. Plaintiff has Not Demonstrated A Private Right of Action for His Title 18 Claims*

Plaintiff attempts to bring a private civil cause of action pursuant to Title 18 of the United States Criminal Code for violations of 18 U.S.C. §§ 3, 1505, 1512, and 1513. However, "[c]ivil causes of action [. . .] do not generally lie under the criminal statutes contained in Title 18 of the United States Code." See, e.g. *Zachay v. Metzger*, 967 F.Supp. 398, 403 (S.D.Cal. 1997). This is generally true because private citizens do not have the constitutional right to criminally prosecute others. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990). The decision to prosecute and the type of criminal charges to be brought are generally left up to the prosecutor. *See United States v. Batchelder,* 442 U.S. 114, 124 (1979).

---

[1] Canyon Property Management LLC (CPM) is a business formed under the laws of the State of Oregon with its principle place of business in Portland, Oregon. [Dkt. #7 at 2]. EVC is an apartment complex located in Vancouver, Washington, and is presumably owned and run by CPM. [*Id*.]. Plaintiff argues that each of the three named Defendants are employees of CPM [Dkt. #1 at 1] while Defendants contend that they are not authorized to act as speaking agents for CPM or EVC and deny that they are all employees of CPM. [Dkt. #7 at 2].

Plaintiff first alleges that Defendant's violated his "constitutional rights in violation of Title 18 U.S.C. & 3 ACCESORY AFTER THE FACT." [Dkt. #1 at 1].[2] 18 U.S.C. § 3 is a criminal statute for accessory after the fact to a federal offense. However, private rights of action brought pursuant to this statute are not recognized. See, e.g., *Keyter v. Bush*, 2008 U.S. Dist. LEXIS 17045 at *5-6 (D.Del. 2008); accord *Keyter v. 230 Government Officers,* 372 F. Supp. 2d at 610-11; accord *Birdwell v. Larsen*, 2006 U.S. Dist. LEXIS 23663 at *16 (D.OR. 2006). Thus, the Court will dismiss Plaintiff's § 3 claim unless cause can be shown why a private action can be brought pursuant to this statute.

Plaintiff next alleges obstruction of a criminal investigation pursuant to 18 U.S.C. § 1505. While 18 U.S.C. § 1505 does make obstruction of justice a federal crime, private rights of action brought under the statute are also not recognized. See, e.g., *De Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007). Thus, the Court will dismiss Plaintiff's § 1505 claim unless cause can be shown why a private action can be brought pursuant to this statute.

Plaintiff next alleges Defendants violated 18 U.S.C. § 1512. 18 U.S.C. § 1512 makes tampering with a witness, victim, or informant a federal crime. Again, however, private rights of action brought under this statute are not recognized. See e.g., *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex.1997). The Court will thus dismiss Plaintiff's § 1512 claim unless Plaintiff can show cause why a private action can be brought pursuant to this statute.

Lastly, Plaintiff seems to contend that Defendants violated 18 U.S.C. § 1513, which is a criminal statute for retaliation. Yet again, however, private rights of action brought under this statute are not recognized. *Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D.Del. 2009) (citing *Walsh v. United States*, 2006 U.S. Dist. LEXIS 38087 (M.D.Pa. 2006)). The Court will thus dismiss Plaintiff's § 1513 claim unless Plaintiff can show cause why a private action can be brought pursuant to this statute.

***2. Plaintiff Does Not Demonstrate that Defendants Acted Under the Color of Law so as to Invoke Private Right of Action under 42 U.S.C. 1983***

Plaintiff's Complaint also alleges deprivation of due process in violation of 42 U.S.C. 1983. To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) that the defendant deprived plaintiff

---

[2] The Court assumes Plaintiff means to allege a violation of 18 U.S.C. § 3.

of a right secured by the Constitution and laws of the United States and (2) that the defendant deprived plaintiff of this constitutional right under color of state law. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). To act under "color of state law," a defendant must be "clothed with the authority of state law." *Id.* at 49. Plaintiff, however, does not allege any facts demonstrating that the Defendants acted under the color of state law so as to invoke a private right of action pursuant to 42 U.S.C. § 1983. As far as the Court can tell, the Defendants are all employees of a private company and did not represent themselves otherwise.

In sum, even when construing the Complaint liberally in favor of the Plaintiff, the Court fails to see how Plaintiff can properly assert the federal question jurisdiction of this Court based on alleged violations of Title 18 and 42 U.S.C. § 1983. The Court orders that cause be shown why federal question jurisdiction exists.

**C. Diversity Jurisdiction**

Should Plaintiff be unable to demonstrate federal question jurisdiction, the Court is hard pressed to see how Plaintiff could alternatively invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction can be invoked where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states ("complete diversity"). 28 U.S.C. § 1332(a). Plaintiff has failed to demonstrate either of § 1332(a)'s requirements thus far.

*1. Complete Diversity*

First, it is not clear whether complete diversity of parties can be established. For there to be complete diversity, *all* named defendants would need to be from a different state than the Plaintiff (i.e. none could be from Washington State). Neither Plaintiff nor Defendants identify the state in which each of the named Defendants is domiciled. As such, the Court cannot determine whether there is complete diversity amongst the parties so as to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Even if the Plaintiff were to amend his Complaint and name CPM as the sole defendant in an attempt to achieve complete diversity, it still appears unlikely such jurisdiction would exist. CPM is a limited liability company (LLC) formed under the laws of the State of Oregon. [Dkt. #7 at 2]. For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, an

LLC that is a named party with one member or partner that shares citizenship with the opposing party will destroy diversity of jurisdiction. Thus, if any of CPM's owners/members are Washington citizens, the Plaintiff would not have diversity jurisdiction to file suit against CPM in this Court.

The only way the Court can imagine Plaintiff *might* be able to assert complete diversity is if the three named Defendants are all citizens of Oregon. Even then, it is unclear whether the Defendants' actions would be within the scope of their employment (or within the scope of their responsibilities as owners or members of the LLC) and thus imputed to CPM under the doctrine of respondeat superior. See Rest. 3d. Agency § 7.07. If the actions were so imputed, the Court would need to determine whether imputation to the LLC would work to defeat complete diversity.

### *2. Amount in Controversy*

Regardless of whether complete diversity is found to exist, there will be no diversity jurisdiction under 28 U.S.C. § 1332 if the total amount in controversy does not exceed $75,000. Plaintiff's Complaint fails to state any specific damage amount at all. As such, the amount-in-controversy requirement for diversity jurisdiction cannot be satisfied unless Plaintiff can demonstrate recoverable damages exceeding $75,000. Based on the facts of the Complaint, Plaintiff will be hard pressed to convince the Court how the amount in controversy requirement is met.

### **D. Personal Jurisdiction**

Defendants contend that this Court lacks personal jurisdiction over some or all of the named Defendants. However the Defendants provide no evidence in support of this assertion. [Dkt. #7 at 5]. As such, Defendants are ordered to show cause why this Court cannot exercise personal jurisdiction over some or all of the Defendants.

### *III. Conclusion*

Plaintiff has cited no authority, and the Court knows of none, holding that a plaintiff can bring a private cause of action under Title 18 of the United States Code. It is also unclear to the Court exactly how the Defendants acted under the color of state law so as to afford Plaintiff a private right of action under 42 U.S.C. 1983. Should no federal question jurisdiction exist, the Court also finds it unlikely, based on the evidence now before it, that diversity jurisdiction can properly be invoked. As such, the Plaintiff and Defendants are ordered to show cause why Plaintiff's cause of action is properly before this Court.

IT IS SO ORDERED

    Dated this 7TH day of August, 2009.

                                            /s/ Ronald B. Leighton  
                                            RONALD B. LEIGHTON  
                                            UNITED STATES DISTRICT JUDGE