HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALONZO L. THOMAS

Plaintiff,

v.

WILMA BRYANT ASST. MANAGER CANYON PROPERTY MANAGEMENT; TERRY DECK ASST. MANAGER ERICA VILLAGE COMPLEX; DIANE FERGUSON ASST. MANAGER ERICA VILLAGE

Defendants.

Case No. C09-5189-RBL

ORDER DENYING APPOINTMENT OF COUNSEL AND DISMISSING COMPLAINT WITH PREJUDICE

On August 7, 2009, this Court ordered the parties to show cause why the Plaintiff's Complaint should not be dismissed with prejudice for lack of jurisdiction. [Dkt. #15]. Plaintiff subsequently moved the Court for appointment of counsel [Dkt. #16] and for "referral" to the U.S. Attorney's Office for "clarification" of Plaintiff's jurisdictional issues. [Dkt. #22].[1] The Plaintiff's motions for appointment of counsel and for referral to the U.S. Attorney's Office are DENIED and the Complaint is DISMISSED with prejudice.

---

[1] Plaintiff also alleges that the Court excluded or "dropped" one of the named Defendants in Plaintiff's Complaint—a Ms. Diane Ferguson. Ms. Ferguson was listed as a party in the Court's Order to Show Cause under the name "Asst. Manager Erica Village." [Dkt. #15 at 1]. This lack of specificity did not mean Ms. Ferguson was excluded or dropped as a named party. This is evinced by the fact the Court specifically recognized Ms. Ferguson as one of the named Defendants twice in its Order to Show Cause. [*Id.* at 1, 2].

ORDER
Page - 1

### A. The Plaintiff is Not Entitled to Appointment of Counsel.

Plaintiff argues that he should be appointed counsel by the Court in order to address all Plaintiff's issues properly. [Dkt. # 16, #22]. The Ninth Circuit has previously held that a "motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984) (Citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (citations omitted)). Plaintiff has not shown exceptional circumstances to justify the appointment of counsel.

### B. The U.S. Attorney's Office is not Obligated to Provide Plaintiff Legal Advice

Plaintiff requests "clarification" from the U.S. Attorney's office on issues of federal question jurisdiction and diversity jurisdiction. [Dkt. #22]. Plaintiff cites no authority, and the Court knows of none, under which the Court can order referral of Plaintiff's case to the U.S. Attorney's Office for legal assistance.

### C. Plaintiff has Failed to Show Cause Why Its Complaint Should Not be Dismissed

Plaintiff's Response to Order to Show Cause only requests that the case be referred to the U.S. Attorney's Office and that Plaintiff be appointed counsel by the Court. [Dkt. #22]. Plaintiff has failed to demonstrate why this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff offers no evidence to suggest he has a private right of action under Title 18 or that the Defendants acted under the color of law so as to invoke a private right of action under 42 U.S.C. 1983. Plaintiff also fails to demonstrate that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has not established that there is complete diversity amongst the parties and that the amount in controversy exceeds $75,000.

Having failed to show cause why the Court should not dismiss Plaintiff's Complaint for lack of jurisdiction, the Plaintiff's Complaint is DISMISSED with prejudice.

**D. Conclusion**

The Plaintiff's motion for court-appointed counsel is DENIED. [Dkt. #16, 22]. Plaintiff's motion for referral to the U.S. Attorney's Office for clarification of jurisdictional issues [Dkt. #22] is DENIED. Plaintiff's Complaint [Dkt. #1] is DISMISSED with prejudice.

IT IS SO ORDERED

Dated this 11th day of September, 2009.

RONALD B. LEIGHTON
United States District Court Judge